UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GEORGE EDWARD ADAMS, III                                                    PLAINTIFF

v.                    Civil No. 6:16-CV-06096-PKH-BAB

DR. LIGGETT                                                                  DEFENDANT

**ORDER**

Plaintiff, George Edward Adams, III, submitted this pro se action for filing on September 26, 2016. (Doc. 2). Currently before the Court is Plaintiff's failure to follow a Court order and failure to prosecute, as well as Defendant's Motion to Dismiss. (Doc. 20).

I.  **BACKGROUND**

Plaintiff filed his complaint on September 26, 2016. (Doc. 2). An order granting IFP was entered on October 21, 2016. (Doc. 6). In this order, Plaintiff was advised his case could be dismissed if he did not keep the Court apprised of his current address.

On May 22, 2017, Defendant filed a Motion to Dismiss. (Doc. 20). As grounds for dismissal, Defendant states he served Plaintiff with Requests for Admissions on April 3, 2016. Plaintiff did not respond to the discovery request. Defendant further states a search of the Arkansas Department of Correction Inmate Population database indicates Plaintiff has been paroled, and did not notify either Defendant or the Court of his parole.

Research by the Court indicates Plaintiff was paroled on March 22, 2017. Plaintiff has not communicated with the Court since November 14, 2016. (Doc. 10).

II.  **LEGAL STANDARD**

While pro se pleadings are to be construed liberally, a pro se litigant is not excused from

complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address as required by Local

Rule 5.5(c)(2). Plaintiff has failed to comply with a Court order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IV.     CONCLUSION**

For these reasons, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 19th day of July, 2017.

/s/ P. K. Holmes, III
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE